**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**UNITED STATES OF AMERICA,**

v.

**WILLIE BACON,**

        Defendant.

CASE NO. 7:07-CR-8 (HL)

**ORDER**

This case is before the Court on Defendant's Motion for Return of Property

(Doc. 37). For the reasons discussed herein, the motion is denied.

In 2008, Defendant pleaded guilty to one count of possession with intent to

distribute cocaine. As part of his plea agreement, he stipulated to the following facts:

> Law enforcement officers made a lawful stop of
> Defendant's vehicle, namely the gold Lexus. Defendant
> was removed from the vehicle. A lawful search of his
> person revealed five (5) bags of cocaine in his pants
> pocket. In the pocket of his jacket he had three bundles of
> cash totaling $4,380. A lawful search of the vehicle
> revealed more cocaine and money. A bag of money
> containing $65,000 was found in the rear of the vehicle.
> Two bags of cocaine were found in the driver floorboard in
> a black bag.

(Doc. 19).

Defendant was sentenced to 135 months imprisonment and three years of

supervised release.

Defendant has now moved the Court pursuant to Federal Rule of Criminal Procedure 41(g) for return of the $69,380 found on his person and in his vehicle at the time of the stop.

Rule 41(g) states that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Crim.P. 41(g). This rule applies to both property unlawfully seized and property lawfully seized but unreasonably retained by the government. United States v. Zambrano, 353 F. App'x 227, 228 (11th Cir. 2009). Thus, the fact Defendant stipulated that the search and seizure was lawful does not completely resolve the issue. Whether the currency has been unreasonably retained by the government must also be considered.

When a motion for the return of property is filed after a conviction, the court treats it as a civil action in equity. United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006) (quotation omitted), *overruled on other grounds, as recognized in* United States v. Lopez, 562 F.3d 1309, 1311-13 (11th Cir. 2009). For the owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government and that he has clean hands. United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005).

Assuming for the sake of argument that Defendant has shown a possessory interest in the $69,380 and has clean hands, the currency cannot be returned to Defendant because it was forfeited to Lowndes County, Georgia. Rule 41(g) cannot

be used to recover property that has been forfeited to the government in a civil forfeiture proceeding. United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999); United States v. Watkins, 120 F.3d 254, 255 (11th Cir. 1997). The Court has been presented with a copy of an Order of Forfeiture & Distribution from the Superior Court of Lowndes County which shows that on February 12, 2007, the $69,830 was forfeited to Lowndes County in a state civil forfeiture action. The federal government did not seize the money, and does not have the money. Because the federal government does not have possession of the currency, it does not have the ability to return it to Defendant. *See* United States v. Garcon, 406 F. App'x 366, 370 (11th Cir. 2010).

As the currency was forfeited to Lowndes County and is not in the possession of the federal government, the relief requested cannot be granted. Defendant's Motion for Return of Property (Doc. 37) is denied.

**SO ORDERED**, this the 25th day of June, 2012.

> *s/ Hugh Lawson*
> **HUGH LAWSON, SENIOR JUDGE**

mbh